Steven M. Bierman
Lynn A. Dummett
Sidley Austin LLP
787 Seventh Avenue
New York, New York 10019
(212) 839-5300

*Attorneys For Petitioner AT&T Corp.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

AT&T CORP.,

      Petitioner,

   vs.

OBLIO TELECOM, INC.,

      Respondent.

------------------------------------------------------------x

07 CIV 7676

No. _____

**NOTICE OF PETITION TO CONFIRM PARTIAL FINAL ARBITRATION AWARD**

**FILED UNDER SEAL**

   PLEASE TAKE NOTICE that, upon the accompanying Petition To Confirm Partial Final Arbitration Award, together with the Affidavit of Lynn A. Dummett and all exhibits attached thereto, Petitioner AT&T Corp. ("AT&T"), by its undersigned counsel, will hereby petition this Court on September 25, 2007, at 500 Pearl Street, New York, New York, or as soon thereafter as counsel can be heard, for an Order, pursuant to Sections 9 and 13 of the Federal Arbitration Act, 9 U.S.C. §§ 1 et seq., (a) confirming a Partial Final Award dated July 24, 2007 rendered by an Arbitrator in AT&T's favor in an arbitration between AT&T and Respondent Oblio Telecom, Inc.; (b) ordering judgment in favor of AT&T on the Partial Final Award, together with pre- and post-Award interest; and (c) granting AT&T such other and further relief as the Court may deem just and proper, including AT&T's attorneys' fees, costs and disbursements in this proceeding.

PLEASE TAKE FURTHER NOTICE that, pursuant to Local Civil Rule 6.1(b), opposing papers, if any, must be served on the undersigned within ten (10) business days after service of this Notice of Petition and the accompanying papers, and reply papers, if any, will be served on or before September 24, 2007.

Dated: New York, New York
August 27, 2007

>SIDLEY AUSTIN LLP
>
>By: _____
>Steven M. Bierman
>Lynn A. Dummett
>787 Seventh Avenue
>New York, New York 10019
>(212) 839-5300
>
>Attorneys for Petitioner AT&T Corp.

Of Counsel:
Howard Spierer, Esq.
AT&T Corp. – Senior Litigation Attorney
One AT&T Way
Bedminster, New Jersey 07921

JUDGE COTE

Steven M. Bierman
Lynn A. Dummett
Sidley Austin LLP
787 Seventh Avenue
New York, New York 10019
(212) 839-5300

*Attorneys For Petitioner AT&T Corp.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

AT&T CORP.,

                        Petitioner,

      vs.

OBLIO TELECOM, INC.,

                        Respondent.

------------------------------------------------------------x

No. 07 CIV 7676

**PETITION OF AT&T CORP. TO CONFIRM PARTIAL FINAL ARBITRATION AWARD AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

**FILED UNDER SEAL**

Pursuant to Sections 9 and 13 of the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1 et seq., Petitioner AT&T Corp. ("AT&T") hereby respectfully petitions this Court for an order and judgment (a) confirming the Partial Final Award dated July 24, 2007 ("the Award") rendered by an Arbitrator and issued in AT&T's favor in an arbitration between AT&T and Respondent Oblio Telecom, Inc. ("Oblio," and together with AT&T, collectively, "the Parties") before the American Arbitration Association, captioned *Oblio Telecom, Inc. v. AT&T Corp.*, No. 13 494 Y 02732 06 (the "Arbitration"); (b) ordering judgment in favor of AT&T on the Award, together with pre- and post-Award interest; and (c) granting AT&T such other and further relief as the Court may deem just and proper, including AT&T's attorneys' fees, costs and disbursements in this proceeding. A copy of the Award is attached as Exhibit 1 to the Affidavit of Lynn A.

Dummett in Support of AT&T's Petition to Confirm Partial Final Arbitration Award dated August 27, 2007 ("Dummett Aff."), submitted concurrently herewith. In support of this Petition, AT&T respectfully states as follows:

## PARTIES, JURISDICTION AND VENUE

1. Petitioner AT&T is a New York corporation, having its principal place of business in Bedminster, New Jersey.

2. Respondent Oblio is a Delaware corporation, having its principal place of business in Richardson, Texas.

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the matter in controversy exceeds $75,000, exclusive of interests and costs.

4. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(a), (c) and (d) and 9 U.S.C. § 9 because the arbitration proceedings were conducted in New York, New York and the Award that AT&T seeks to confirm was rendered in this District. Further, venue is proper because the operative agreement underlying the claims between the Parties in the Arbitration -- the Purchase Order for AT&T Wholesale Enhanced Prepaid Card Service dated August 16, 2001 (the "Purchase Order") -- provides that "[j]udgment on the [A]ward may be entered in any court having jurisdiction." (See Dummett Aff. Ex. 2, Section 11.)

## BACKGROUND

5. On December 5, 2006, Oblio filed a Demand for Arbitration ("Demand") with the American Arbitration Association ("AAA"), alleging, *inter alia*, common law claims for breach by AT&T of the Purchase Order and claims for alleged violations by AT&T of the Telecommunications Act of 1996 ("Telecommunications Act").

2

6.      On January 16, 2007, AT&T filed an Answer and Counterclaims, denying Oblio's allegations and alleging, *inter alia*, that Oblio had breached the Purchase Order by failing to pay AT&T $7,240,871.26 for enhanced prepaid card services provided by AT&T to Oblio pursuant to the Purchase Order.

7.      The Parties selected Walter G. Gans to serve as Arbitrator, and his appointment was duly confirmed by the AAA on January 26, 2007.

8.      On April 16, 2007, Oblio filed a Petition with the Federal Communications Commission ("FCC") for a Declaratory Ruling on Oblio's claims against AT&T arising under the Telecommunications Act. Subsequently, on April 18, 2007, Oblio filed a motion with the Arbitrator to stay the Arbitration pending a ruling from the FCC.

9.      By Order dated May 4, 2007, the Arbitrator granted Oblio a partial stay on the claims raised in its Demand, but not on AT&T's counterclaims, having expressly determined that AT&T's counterclaims were separate and distinct from Oblio's claims, and thereupon ordered that an evidentiary hearing proceed as to AT&T's counterclaims on June 12, 2007.

10.     On June 8, 2007, the Parties entered into a Stipulation of Undisputed Facts wherein Oblio admitted that "AT&T issued invoices to Oblio in the amount of $7,240,871.26" and that "Oblio had not made payment with respect to such invoices and the amount due AT&T under the invoices remains unpaid." (See Dummett Aff. Ex. 3, ¶ 1(g), (h).) Oblio also consented to the issuance of an award in AT&T's favor on AT&T's breach of contract counterclaim (First Counterclaim for Relief) in the amount of $7,240,871.26. (See id., ¶ 2.) Thus, Oblio, in the Stipulation of Undisputed Facts, admitted that it ordered and accepted services from AT&T for which it did not pay, that $7,240,871.26 was the agreed price for such services rendered by

3

AT&T to Oblio, and consented to an award in this amount in AT&T's favor in the Arbitration. The Arbitrator so ordered the Stipulation of Undisputed Facts on June 11, 2007.

11. On July 24, 2007, after full briefing by the Parties on the issue of the finality and immediate enforceability of the award to which Oblio consented in the Stipulation of Undisputed Facts, the Arbitrator determined that such award was final and enforceable immediately by AT&T, and thereupon issued the Partial Final Award on AT&T's breach of contract claim (First Counterclaim for Relief) in AT&T's favor in the amount of $7,240,087.26, together with interest from the respective payment due dates of the applicable invoices at the rate of nine percent (9%) per annum until the date of the issuance of the Award. (See Dummett Aff. Ex. 1, ¶ 6.4.) In addition, the Arbitrator awarded AT&T post-award interest on these amounts if not paid within thirty days of the date of the Award. (See id., ¶ 6.5.) The Award was communicated electronically to the Parties by the AAA and the Arbitrator on July 24, 2007.

12. In the Award, the Arbitrator further ruled that the Award is "separate and independent from Oblio's claims and is accorded finality as a partial award and hence capable of review or confirmation by a court of competent jurisdiction." (Dummett Aff., Exhibit 1 at ¶ 6.2.)

13. By letter to Oblio dated July 30, 2007, AT&T demanded payment from Oblio in the amount of $7,240,087.26, together with pre-award interest calculated as prescribed in the Award, in the amount of $484,446.59, for a total amount of $7,724,533.85. (See Dummett Aff., Exhibit 4.) To date, Oblio has not paid any portion of the amounts due pursuant to the Award, and thus has failed to comply with the Award.

### REQUEST FOR CONFIRMATION OF THE AWARD AND OTHER RELIEF

14. By this Petition, AT&T seeks confirmation of the Partial Final Award rendered in its favor in the Arbitration, and the entry of a judgment thereon. Section 9 of the

FAA sets forth the procedures under which arbitration awards are to be confirmed by federal district courts. It provides, in pertinent part:

> [A]t any time within one year after the award is made any party to the arbitration may apply...for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made. Notice of the application shall be served upon the adverse party, and thereupon the court shall have jurisdiction of such party as though he had appeared generally in the proceeding....If the adverse party shall be a nonresident, then the notice of the application shall be served by the marshal of any district within which the adverse party may be found in like manner as other process of the court.

15. Each of the procedural requirements of Section 9 of the FAA has been met. First, AT&T has filed its petition for confirmation of the Award within one year. Second, AT&T has filed its petition in the federal district within which the Award was made. Third, AT&T has arranged to serve Oblio with notice of its petition to confirm the Award.

16. Moreover, Section 9 of the FAA requires the Court to grant an order confirming the Award unless the Award is vacated, modified, or corrected. Courts in this circuit have recognized that the confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the Court. See Yusuf Ahmed Alghanim & Sons v. Toys "R" Us, Inc., 126 F.3d 15, 23 (2d Cir. 1997). Thus, a court in reviewing an arbitration award may not examine the merits of the decision, but rather must confirm and enforce the award in summary manner unless the award violates one of the narrow exceptions set forth in Section 10 of the FAA, none of which is present here.

17. Here, the Arbitrator issued a Partial Final Award in the Arbitration in AT&T's favor. This Award is subject to summary confirmation pursuant to the FAA. See In re

Arbitration Between Fluor Daniel Intercontinental, Inc. v. General Electric Co., No. 06 Civ. 3294 (GEL), Slip Copy, 2007 WL 766290, at *2 (S.D.N.Y. March 13, 2007); Private Sanitation Union Local 13, Int'l Bhd of Teamsters v. V&J Rubbish Removal, No. 89 Civ.5945 (SWK), 1990 WL 144207 (S.D.N.Y. Sept. 26, 1990).

18.   Accordingly, AT&T's Petition to Confirm Partial Final Arbitration Award pursuant to 9 U.S.C. § 9, and to have judgment entered thereon pursuant to 9 U.S.C. § 13, should be granted.

WHEREFORE, Petitioner AT&T respectfully requests that this Court enter an order, in the form annexed hereto:

(a)   confirming the July 24, 2007 Partial Final Award;

(b)   entering judgment on the confirmed Award in the amount of $7,240,087.26, together with pre-award interest in the amount of $484,446.59 and post-award interest; and

(c)   granting AT&T such other and further relief as the Court may deem proper, including its attorneys' fees, costs and disbursements incurred in connection with this proceeding.

Dated: New York, New York
       August 27, 2007

SIDLEY AUSTIN LLP

By: _____
   Steven M. Bierman
   Lynn A. Dummett
   787 Seventh Avenue
   New York, New York 10019
   (212) 839-5300

Attorneys for Petitioner AT&T Corp.

Of Counsel:
Howard Spierer, Esq.
AT&T Corp. – Senior Litigation Attorney
One AT&T Way
Bedminster, New Jersey  07921

7