UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
                                                      :
                                                      :   Case No. 07 Civ. 7676 (DLC)
AT&T CORP.,                                           :
                                                      :
                Petitioner,                           :
                                                      :
        -against-                                     :
                                                      :
OBLIO TELECOM, INC.,                                  :
                                                      :
                Respondent.                           :
                                                      :
------------------------------------------------------x


**RESPONDENT OBLIO TELECOM, INC.'S MEMORANDUM OF LAW IN
OPPOSITION TO PETITIONER AT&T CORP.'S PETITION AND IN SUPPORT OF
RESPONDENT'S MOTION TO VACATE THE ARBITRATION AWARD, OR, IN THE
ALTERNATIVE, TO STAY ENFORCEMENT OF THE AWARD**

SICHENZIA ROSS FRIEDMAN FERENCE LLP
Christopher P. Milazzo, Esq. (CM-9974)
Joseph J. Welch, Esq. (JW-4812)
61 Broadway, 32nd Floor
New York, New York 10006
(212) 930-9700

Attorneys for Respondent
Oblio Telecom, Inc.

<u>Of Counsel:</u>
KRAVIT, HOVEL & KRAWCZYK, S.C
Aaron H. Aizenberg, Esq.
Michael Fischer, Esq.
825 North Jefferson
Milwaukee, Wisconsin 53202

**TABLE OF CONTENTS**

**Page No.**

PRELIMINARY STATEMENT.................................................2

STATEMENT OF FACTS ....................................................2

ARGUMENT ..............................................................4

I.   BASED ON THE GROUNDS SET FORTH IN SECTION 10(a)
     OF THE FAA, THE AWARD CANNOT BE CONFIRMED AND
     SHOULD BE VACATED ...............................................4

II.  IF THE PARTIAL AWARD IS NOT VACATED, THEN
     ENFORCEMENT OF THE AWARD SHOULD BE STAYED
     PENDING RESOLUTION OF ALL CLAIMS BETWEEN
     THE PARTIES ......................................................9

CONCLUSION ...........................................................11

Christopher P. Milazzo, Esq. (CM-9974)
Joseph J. Welch, Esq. (JW-4812)
SICHENZIA ROSS FRIEDMAN FERENCE LLP
61 Broadway, 32nd Floor
New York, New York 10006
(212) 930-9700 (tel.)
(212) 930-9725 (fax)

Attorneys for Respondent
Oblio Telecom, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
                                                      :
                                                      :    Case No. 07 Civ. 7676 (DLC)
AT&T CORP.,                                           :
                                                      :
            Petitioner,                               :
                                                      :
     -against-                                        :
                                                      :
OBLIO TELECOM, INC.,                                  :
                                                      :
            Respondent.                               :
                                                      :
------------------------------------------------------x

**RESPONDENT OBLIO TELECOM, INC.'S MEMORANDUM OF LAW IN OPPOSITION TO PETITIONER AT&T CORP.'S PETITION AND IN SUPPORT OF RESPONDENT'S MOTION TO VACATE THE ARBITRATION AWARD, OR, IN THE ALTERNATIVE, TO STAY ENFORCEMENT OF THE AWARD**

Respondent Oblio Telecom, Inc. ("Oblio") respectfully submits this Memorandum of Law in opposition to the Petition filed by Petitioner AT&T Corp. ("AT&T") for the confirmation of a Partial Final Award, dated July 24, 2007 (the "Partial Final Award") entered in an arbitration entitled *Oblio Telecom, Inc. v. AT&T Corp.*, No. 13 494 Y 02732 06, before the American Arbitration Association ("AAA"), and in support of its motion to vacate the Partial Final Award, or in the alternative, for a stay of the enforcement of the Partial Final Award.

## PRELIMINARY STATEMENT

Petitioner AT&T Corp. ("AT&T") has petitioned this court for a judgment confirming the Partial Final Award entered in the pending AAA arbitration proceeding between AT&T and Respondent Oblio Telecom, Inc. ("Oblio"). *Oblio Telecom, Inc. v. AT&T Corp.*, No. 13 494 Y 02732 06 . The Partial Final Award was entered in favor of AT&T on the breach of contract counterclaim it had asserted against Oblio in the arbitration. But the arbitrator's Partial Final Award does not decide AT&T's claim for attorneys' fees and costs in connection with its counterclaim, instead reserving that part of the counterclaim for later determination.

As a result, the Partial Final Award is not a "mutual, final and definite" award upon AT&T's counterclaim. Section 10 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 10, precludes confirmation of an arbitration award that is not "mutual, final and definite." The Partial Final Award cannot be confirmed, and in fact should be vacated by the court. In the alternative, the enforcement of any final judgment on the award should be stayed pending completion of the arbitration proceeding.

## STATEMENT OF FACTS

Oblio purchased telecommunications services associated with its sale of prepaid calling cards from AT&T. The terms and conditions that governed their relationship was confirmed by the execution of a Purchase Order in August, 2001. (*See* Partial Final Award ¶ 1.1.) (A copy of the Final Partial Award is attached to the Affidavit of Lynn A. Dummett, submitted by AT&T in support of its Petition, as Exhibit 1.) The Purchase Order is attached to Dummett Affidavit as Exhibit 2.

Oblio commenced an arbitration proceeding against AT&T on December 5, 2006 before the American Arbitration Association. *Oblio Telecom, Inc. v. AT&T Corp.*, No. 13 494 Y 02732

*06.* Oblio's claims include breach of contract (*i.e.* the Purchase Order), as well as violations by AT&T of the Telecommunications Act of 1996. (*See* Partial Final Award ¶1.2.)

AT&T asserted counterclaims against Oblio in the arbitration proceeding, including a breach of contract claim for certain amounts allegedly due under the Purchase Order. AT&T's breach of contract counterclaim asserted these amounts were due and payable for services rendered by AT&T under the Purchase Order, and had not been paid by Oblio. AT&T's counterclaim sought the entry of a judgment, including attorneys' fees and costs, in favor of AT&T and against Oblio. (*See* Partial Final Award ¶¶ 1.4.)

By order dated May 14, 2007, Arbitrator Walter G. Gans stayed the arbitration of Oblio's breach of contract claims against AT&T pending a decision by the Federal Communications Commission on Oblio's request for a declaratory ruling that AT&T's conduct under the Purchase Order violated the Telecommunications Act. (Partial Final Award ¶¶ 1.3, 1.4.) The stay of the arbitration proceeding as to Oblio's breach of contract claims is still in effect. The arbitrator, however, declined to stay the arbitration proceeding on ATT's breach of contract counterclaim against Oblio, and that claim was set for hearing on June 12, 2007. (Partial Final Award ¶ 1.4)

On June 8, 2007 the parties entered into a "Stipulation of Undisputed Facts" with respect to AT&T's breach of counterclaim. (*See* Dummett Aff., Exhibit 3.) Pursuant to the Stipulation, the parties agreed that the arbitrator could enter an award on that counterclaim in the amount of $7,240,871.26, reflecting invoices for services rendered by AT&T that had not been paid by Oblio. (*See* Stipulation ¶ 1.) The Stipulation made it clear that there was a continuing disagreement between the parties as to whether or not the arbitrator could issue a *final* award on AT&T's counterclaim. Oblio maintained that any award pursuant to the Stipulation should be interlocutory rather than final and enforceable. Thus, its consent was "subject to the arguments

to be submitted separately by the respective parties as to whether such an award should be interlocutory and not enforceable at this stage of the Arbitration, or final and enforceable by AT&T at the present time." (Stipulation ¶ 2.)

After extensive briefing by the parties, the arbitrator issued the Partial Final Award, reflecting his decision that an award pursuant to the Stipulation could be made final and enforceable. He ruled that even though "all claims emanate from the Purchase Order" AT&T's counterclaim relating to Oblio's "payment obligations" was sufficiently "discrete" as to permit him to issue a final award on that claim, even though Oblio's breach of contract claims under the same contract remained pending. (*See* Partial Final Award ¶ 4.3, *et seq.*)

In his decision, the arbitrator acknowledged Oblio's argument that if a final award were to be issued on AT&T's counterclaim, he should deny AT&T's claim for the attorneys' fees and costs associated with the claim. The Partial Final Award states that "Oblio essentially makes the following argument: [...] AT&T is not entitled to attorneys' fees under New York law, AAA Rules or the Agreement." (*See* Partial Final Award ¶¶ 3 and 3.6.) The arbitrator nevertheless declined to consider or rule on AT&T's claim for attorneys' fees and costs on its breach of contract counterclaim. Instead, he stated that "all other claims, and attorneys' fees incurred in connection with this proceeding, is reserved for determination in the Final Award." (Partial Final Award ¶ 6.7.)

## ARGUMENT

I. **BASED ON THE GROUNDS SET FORTH IN SECTION 10(a) OF THE FAA, THE AWARD CANNOT BE CONFIRMED AND SHOULD BE VACATED**

Oblio obviously does not agree with the arbitrator's decision that AT&T's breach of contract counterclaim under the Purchase Order is not "inextricably intertwined" with Oblio's

4

breach of contract claims involving the same transactions under the same Purchase Order, thus permitting him to issue a "final" order on AT&T's claim. Under the FAA, however, his decision on the merits can be challenged only under limited circumstances. Oblio does not challenge his decision here.

Rather, the issue before this Court is whether the arbitrator exceeded his authority by entering a purportedly final award on AT&T's breach of contract counterclaim while reserving for later resolution AT&T's claim for the attorneys' fees and costs associated with that claim. The FAA makes it clear that the piecemeal resolution of a single claim, even one that is independent of other claims, is improper and should not be confirmed by the Court.

AT&T relies on Section 9 of the FAA, which states as follows:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.

AT&T correctly asserts that Section 9 of the FAA requires the Court to grant an order confirming the Award. It does so, however, only if the award *is not vacated, modified or corrected*, pursuant to one of the exceptions to the general rule is set forth in Section 10 of the FAA.

AT&T incorrectly asserts that none of the "exceptions" set forth in Section 10 of the FAA are present here. (Pet. Brf., ¶ 16.) Section 10 of the FAA, in pertinent part provides:

> (a) In any of the following cases the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration:
> ...
> (4) Where the arbitrators exceeded their powers, or so imperfectly executed them *that a mutual, final, and definite award upon the subject matter submitted was not made.*

5

9 U.S.C. § 10(a)(4) (emphasis added). A purportedly "final" award that actually leaves claims for attorneys' fees and costs unresolved for later decision is not "mutual, final and definite" for purposes of the FAA. Accordingly, the Partial Final Award on AT&T's counterclaims should be vacated, and AT&T's motion should be denied. *See Michaels v. Mariforum Ship'g, S.A.*, 624 F.2d 411, 414 (2d Cir. 1980) (when arbitrators "imperfectly execute" their powers and make an award that purports to be final, but is in fact not, vacatur is appropriate).

It is clear that the Partial Final Award, while purporting to be final, does not fully determine the rights and obligations of both parties in connection with the subject matter decided. The "subject matter" which the arbitrator purportedly decided was AT&T's breach of contract counterclaim against Oblio. Plainly, the Partial Final Award does not resolve all of the issues related to that counterclaim, since the question whether AT&T has any right to recover attorneys' fees and costs associated with the claim remains unresolved.

It is well settled that in order to constitute a final award upon the subject matter submitted, an award must "resolve [the issues] definitively enough so that the rights and obligations of the two parties, with respect to the issues submitted, do not stand in need of further adjudication." *Rocket Jewelry Box v. Noble Gift Packaging*, 157 F.3d 174, 176 (2d Cir. 1998). Here, it cannot be said that the rights and obligations of Oblio and AT&T with respect to AT&T's breach of contract counterclaim do not stand in need of further adjudication. AT&T has claimed that it has the right to recover attorneys' fees and costs and costs associated with that claim; Oblio has denied that AT&T is entitled to any such fees or costs. These issues plainly involved in the "subject matter" of AT&T's counterclaim, which simply have not been resolved and require further adjudication.

As noted above, the arbitrator did not consider Oblio's arguments on this point, electing to defer the issue of AT&T's entitlement to attorneys' fees by stating that ". . . attorneys' fees incurred in connection with this proceeding, is reserved for determination in the Final Award." (Partial Final Award, ¶ 6.7.) Given that decision, the Partial Final Award is not a final decision on the "subject matter" of AT&T's counterclaim. In effect, what the arbitrator is doing with AT&T's counterclaim for attorneys' fees and costs is exactly what Oblio argued should be done with the entire claim: postpone final judgment until the issuance of the Final Award resolving all claims by both parties. It should not work both ways. If the arbitrator believes AT&T's counterclaim is eligible for a final award, then he should be required to dispose of the entire claim. There is no basis to separate AT&T's claim for attorney's fees and costs from the rest of its breach of contract counterclaim and reserve that part for later consideration. Despite the arbitrator's characterization of the Final Partial Award as "final" this Court need not, and should not, confirm an award that does not finally dispose of the claim involved. *Michaels,* 624 F.2d at 413-14.

The standard that the Second Circuit has set out regarding when an arbitration award can be considered "final and definite" as to the subject matter submitted makes it clear that all possible claims must be *definitively* resolved in order for a decision to be final. In *Cofinco, Inc. v. Bakrie & Bros.,* N.V., 395 F. Supp. 613 (S.D.N.Y. 1975), the court held that an award which required a party to pay the accrued expenses of the other party, must be vacated pursuant to § 10(a)(4) of the Federal Arbitration Act (9 U.S.C.A. § 10(a)). The court held that it was not appropriate for the arbitrator to leave open matters such as "accrued expenses." So long as such matters were left open the award was neither final nor definite. *Id.* at 616.

7

The situation here is the same. If the goal of an arbitration proceeding is a judgment that resolves all claims, finality cannot be accomplished by an award that leave open the question of the awardee's entitlement to attorneys' fees and costs. In *Puerto Rico Maritime Shipping Auth. v. Star Lines, Ltd.*, 454 F. Supp. 368 (S.D.N.Y. 1978), this Court refused to confirm a "partial final award" because the arbitrators failed to resolve one of the issues addressed by reducing the amount payable under the partial award to a sum certain. 454 F. Supp. at 373-74.

Here, the arbitrator didn't even get that far. He did not determine the issue of AT&T's entitlement (or not) to attorneys' fees relating to the counterclaim and then defer determination of the amount to a later date. Rather he declined to reach the entitlement issue on the merits, except to state that it would be reserved for determination in the final award. (Partial Final Award, ¶ 6.7.)

Oblio did not agree that the arbitrator could defer his decision on AT&T's entitlement to attorneys' fees as part of the Stipulation. To the contrary, Oblio put that question before the arbitrator in connection with the extensive briefing on the issue of whether the Stipulation authorized a final rather than an interlocutory award. Oblio's argument that AT&T was not entitled to such fees was acknowledged by the arbitrator in his decision, in which he stated "Oblio's Position" that "AT&T is not entitled to attorneys' fees under New York law, AAA Rules or the Agreement." (Partial Final Award ¶ 3.6.) But rather than deciding the issue and thus resolving all issues regarding the subject matter at hand, the arbitrator ruled that attorneys' fees on AT&T's counterclaim would be reserved for determination at a later date. (Partial Final Award, ¶ 6.7.) Thus, although AT&T's entitlement to attorneys' fees was not the subject of the Stipulation, was argued by Oblio and was an issue acknowledged by the arbitrator, it was left undecided.

AT&T's motion to confirm implies that confirmation of the Partial Final Award should be essentially "automatic." That is not the case when, as here, there is an imperfect execution of power by the arbitrator leading to an indefinite award that is not final. Oblio acknowledges that that judicial review of an arbitrator's decision on the merits should be limited, but a Court cannot and should not enforce an award that does not satisfy the judicial criteria for finality under the FAA. *Americas Ins. Co. v. Seagull Compania Naviera, S. A.*, 774 F.2d 64 (2d Cir. 1985).

Here, the Partial Award does not fully dispose of the rights and obligations of the parties with respect to the issue decided. Further adjudication is needed to determine liability on AT&T's claim for attorneys' fees and costs in connection with AT&T's counterclaim. The arbitrator exceeded his power by making a non-final award "final."

Consequently, the Court should deny AT&T's motion to confirm and grant Oblio's motion to vacate the Partial Final Award pursuant to 9 U.S.C. § 10(a)(4).

## II. IF THE PARTIAL FINAL AWARD IS NOT VACATED, THEN ENFORCEMENT OF THE AWARD SHOULD BE STAYED PENDING RESOLUTION OF ALL CLAIMS BETWEEN THE PARTIES

A District Court has the discretion to issue a stay of an arbitration award for several reasons. *LaSala v. Needham & Co.*, 399 F. Supp. 2d 421, 427 (S.D.N.Y. 2005). The court in *LaSala* stated that "a court might, in the interest of judicial economy, enter a stay pending the outcome of proceedings which bear upon the case, even if such proceedings are not necessarily controlling of the action that is to be stayed." *LaSala*, 399 F. Supp. 2d at 427. In making the determination of whether to grant a stay of the enforcement of an arbitration award, Court examine the following factors: (1) the private interests of and burden on the plaintiff; (2) the private interests of and burden on the defendant; (3) the interests of the courts; (4) the interests of

9

the persons not parties to the civil litigation; and (5) the public interest. *Kappel v. Comfort,* 914 F. Supp. 1056, 1058 (S.D.N.Y. 1996).

The burden on Oblio in this case weighs in favor of the Court determining that the enforcement of any judgment on the Partial Final Award should be stayed pending resolution of all claims between the parties. The Partial Final Award is the result of Oblio's good faith decision to acknowledge its indebtedness to AT&T. But Oblio's claims against AT&T arising out of the same contract and the same transactions have been left unresolved, and may not be resolved for months or even years. The Partial Final Award provides for the payment to AT&T of interest at the statutory rate on the amount of the award for so as it remains unpaid, so AT&T will not suffer any financial harm as a result of its inability to enforce the award immediately. And the eventual resolution of Oblio's claims against AT&T could decrease or even completely offset the amount due. A more just result, and one that accords with the general principles of American jurisprudence, would be to stay enforcement of AT&T's partial award until of the all claims between the parties have been resolved.

That was the reasoning of the court in *Katz v. Feinberg,* No. 99 Civ. 11705 (CSH), 2001 WL 1132018, at *3-4 (S.D.N.Y., Sept. 24, 2001), in which the court granted a motion to stay enforcement of a judgment pending the outcome of a separate arbitration that would determine the moving party's right to setoff. The same reasoning applies here. If the court determines that vacating the Partial Final Award is not required by the FAA, it should stay enforcement of any judgment on the partial award pending completion of the arbitration.

## CONCLUSION

For the reasons stated above, Oblio respectfully requests that (1) AT&T's motion to confirm the Partial Final Award be denied in its entirety; (2) Oblio's motion to vacate the Partial Final Award be granted; and (3) if the Partial Final Award is not vacated, the Court stay enforcement of any judgment on the award pending resolution of all claims between the parties.

Dated: New York, New York
October 5, 2007

                                    SICHENZIA ROSS FRIEDMAN FERENCE LLP

                                    By: _____
                                         Christopher P. Milazzo, Esq. (CM-9974)
                                         Joseph J. Welch, Esq. (JW-4812)
                                    61 Broadway, 32nd Floor
                                    New York, New York 10006
                                    (212) 930-9700

                                    Attorneys for Respondent
                                    Oblio Telecom, Inc.

                                    Of Counsel:
                                    Aaron H. Aizenberg, Esq.
                                    Michael Fischer, Esq.
                                    KRAVIT, HOVEL & KRAWCZYK, S.C
                                    825 North Jefferson
                                    Milwaukee, WI 53202